# Exhibit 3

Affidavit on behalf of the Plaintiff
Affidavit of: Timothy Sean Murray
Exhibit Nos: 'TSM1', 'TSM2', 'TSM3',
'TSM4', 'TSM5', 'TSM6'
Date Sworn: March 15, 2021

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA**

**VIRAL STYLE, LLC, Plaintiff**

**CIVIL ACTION NO.   8:21-cv-00439-SDM-TGW**

**V.**

**IRON MAIDEN HOLDINGS LTD. AND**

**AM SULLIVAN LAW, LLC, Defendants**

---------------------------------------------

**AFFIDAVIT OF
TIMOTHY SEAN MURRAY**

---------------------------------------------

I, **TIMOTHY SEAN MURRAY** of Holland & Knight (UK) LLP, Leaf 27C, Tower 42, 25 Old Broad Street, London EC2N 1HQ, England, STATE ON OATH

1. I am a solicitor of the Senior Courts of England and Wales and Senior Counsel at Holland & Knight (UK) LLP, an English firm of solicitors.  My firm has been appointed English solicitors of Viral Style, LLC, ("Viral Style") in connection with certain claims they have against the above-named Iron Maiden Holdings Ltd ("Company") and AM Sullivan Law, LLC.

<u>Documents served and method of service</u>

2. At the request of Viral Style and its United States counsel, David J. Lisko and Daniel L. Buchholz of Holland & Knight LLP (of which my firm is an affiliate), I arranged for the service of the following documents ("Documents") upon the Company, which is a company incorporated in England and Wales (with company number 01565159) by leaving the Documents at its registered office at Bridle House, 36 Bridle Lane, London, W1F 9BZ, England ("Registered Office") in the manner described in paragraphs 3 and 5 of this Affidavit:

1

a. Letter from my firm dated 10 March 2021 which enclosed the following documents:

    i. Summons in a Civil Action dated 26 February 2021;

    ii. Complaint (including the exhibits referred to therein) dated 24 February 2021.

Items i and ii above comprise documentation relating to the proceedings in relation to which this Affidavit is sworn.

3. Service of the Documents was effected by my firm instructing a process server, Mark Sewell of Britannia Process Servers Limited, to serve them. A copy of Mr Sewell's Affidavit of Service sworn on 15 March 2021 relating to such service is now produced and shown to me marked as Exhibit "TSM1".

4. There is now produced and shown to me marked as Exhibit "TSM2" two print outs that I made on 12 March 2021 of a page from the website of Companies House (an executive agency of the UK Government which is responsible for incorporating and dissolving limited companies, examining and storing company information and making information available to the public) which contains information relating to the Company. The first page of the Exhibit was printed out at approximately 10.15am, UK time, prior to Mr Sewell's arrival at the Registered Office, and the second page was printed out at approximately 11.40am, UK time. They confirm that the registered office of the Company is the address defined in paragraph 2 of this Affidavit as the "Registered Office".

5. I note from Mr Sewell's Affidavit that, on Friday 12 March 2021, at approximately 11.20am, UK time, he left the Documents at the Registered Office with an individual who gave her name as Adele Hall and said that she was an employee of the Company, Mr Sewell having established from that person that there was no Director of the Company or other person holding a senior position at the Company present at the address at time. I further note that Ms Hall confirmed that she would pass on the Documents to a Director of the Company.

Hague Convention (15th November 1965) on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters

6. I refer to the following matters pertaining to the Hague Convention (15th November 1965) on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Convention"):

a. The United Kingdom and the United States of America are signatories to the Convention.

b. Article 10 of the Convention states:

*Provided the State of destination does not object, the present Convention shall not interfere with:*

*...*

*(c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.*

For the present purposes, the United Kingdom is the "State of destination".

c. Paragraph 6.52.1 of the 2020 edition of the White Book (a copy of which is now produced and shown to me marked Exhibit "TSM3"), which contains the English Civil Procedure Rules 1998 (these are the procedural rules governing civil cases in the English Courts, hereafter referred to as "CPR"), states as follows:

*"In art. 10* [of the Convention] *"other competent persons of the State of destination" in the case of service in England and Wales is regarded by the Senior Master* [a procedural judge of the English High Court who has been designated the central authority for all foreign judicial matters] *as meaning Solicitors of the Senior Courts. The Central Authority Section for the UK on the HCCH website contains the following statements in that respect:*

*"Extract from a letter dated 11 September 1980 addressed by the Foreign and Commonwealth Office of the Permanent Bureau:*

*'(...) Thank you for your letter of 31 July in which you ask for assistance in the interpretation of the declaration made by the United Kingdom on 17 November 1967 in relation to Article 10(c) of the Convention. I am happy to confirm that our declaration does not preclude any person in another Contracting State who is interested in a judicial proceeding (including his lawyer) from effecting service in the United Kingdom "directly" through a competent person other than a judicial officer or official, e.g., a solicitor. (...)' Conclusion and Recommendation No 58 of the 2003 Special Commission (SC) states: "The 2003 SC noted that the UK confirmed its position expressed at the Special Commission meeting of 1989, indicating its preference for the use of direct service through English solicitors on residents of England and Wales."*

The effect of the above is that the United Kingdom does not object to any person in another Contracting State of the Convention who is interested in a judicial proceeding (including his lawyer, so, for example, Holland & Knight LLP in this instance), from effecting service

in the United Kingdom "directly" through a solicitor in the UK, such as my firm, as opposed to effecting service through the competent authorities for the service of foreign process.

Certain English law provisions on the service of documents relating to English proceedings on companies registered in England and Wales

7. In following paragraphs of this Affidavit, I refer to certain English law provisions regarding the service of documents relating to English proceedings on companies which are registered in England and Wales. There is now produced and shown to me marked as Exhibit "TSM4" extracts from the CPR to which I refer (with the relevant sections highlighted in yellow).

Methods of service under Part 6 of the CPR

8. In the case of service of a Claim Form (which is the document that is filed in an English court in order to commence English proceedings), Rule 6.3(1) of the CPR (page 1 of Exhibit "TSM4") sets out various ways in which that type of document can be served on a defendant to the proceedings. They include (subject to various provisions in the CPR that apply to such methods of service):

    a. Personal service

    b. Sending it by first class post

    c. Leaving it at certain specified places

    d. Serving it by any method which has been authorised by the English court.

9. So far as concerns the service of the Claim Form on a company, CPR Rule 6.3(2) (page 1 of Exhibit "TSM4") provides that a company may be served in England and Wales by:

    a. any method permitted under Part 6 of the CPR; or

    b. any of the methods of service permitted under the Companies Act 2006 ("CA'06").

10. So far as concerns service of documents other than the Claim Form, CPR Rule 6.20(1) (page 3 of Exhibit "TSM4") sets out various ways in which those types of document can be served. That rule is similar, but not identical, to CPR Rule 6.3(1). CPR Rule 6.20(2) (page 3 of Exhibit "TSM4") sets out the permitted methods of service of such documents on companies. It is in substantially similar form to CPR Rule 6.3(2).

11. So far as concerns the service of a Claim Form on a company registered in England and Wales, where no address for service in the UK has been given by the company; nor has any business address of a solicitor within the UK been given / notified at which service must be effected; and

4

personal service is not required (under English law, there are very few situations where it is mandatory for a Claim Form to be served personally), CPR Rule 6.3(2)(a), read in conjunction with CPR Rules 6.3(1)(c) and 6.9 (pages 1-2 of Exhibit "TSM4") permits service to be effected by leaving the Claim Form at the principal office of the company or any place of business of the company within the jurisdiction which has a real connection with the claim.

12. So far as concerns the service of documents relating to English proceedings other than the Claim Form, CPR Rules 6.20(1) and (2) (page 3 of Exhibit "TSM4") set out the permitted methods of service. Although, as stated in paragraph 10 of this Affidavit, the wording of those rules is similar to that which applies in relation to the service of Claim Forms, the position in relation to the service of other documents is not the same. For the present purposes it is relevant to mention that, in relation to such documents, there is no equivalent position to the one under CPR Rule 6.9 in the circumstances set out in the previous paragraph of this Affidavit where a document may be served by leaving it at the principal office of a company or any place of business of the company within the jurisdiction which has a real connection with the claim. However, it should be noted that once English proceedings have been commenced, it is a requirement for a defendant to provide an address for service in the UK of documents relating to the proceedings. That should be the business address of the defendant's solicitor, or, if it does not have a solicitor representing it, the address "*at which the party resides or carries on business*" (Rule 6.23(1) and (2) - page 4 of Exhibit "TSM4"). That provision at least envisages the possibility of documents being served under CPR Rules 6.20(2)(a) and 6.20(1)(c) at the place where the defendant carries on business.

Statutory provisions for service on companies

13. As an alternative to the methods of service set out in CPR 6.3(2) and CPR 6.20(2), a company may be served by any of the methods of service permitted under CA'06 (as confirmed by CPR 6.3(2) (for a Claim Form) and CPR 6.20(2) (for other documents)). I refer in particular, to section 1139(1) of CA'06 which provides that "*a document may be served on a company registered under this Act by leaving it at, or sending it by post to, the company's registered office*". There is now produced and shown to me marked as Exhibit "TSM5" the wording of that section of CA'06.

Email correspondence

14. I refer to paragraph 4 of Mr Sewell's Affidavit, in which he refers to an email which he received from Andrew Wyllie, following a brief telephone conversation with him at approximately 11.00am on Friday 12 March 2021. Mr Sewell forwarded Mr Wyllie's email to me, after which I sent Mr Wyllie an email attaching the Documents and confirming that they had been served on the Company. I also made reference in the email to the conversation that Mr Sewell had with Ms Hall (which Mr Sewell mentions at paragraph 2 of his Affidavit) when she informed him that she

had received on Thursday 11 March 2021 a package of documents which had been sent by FedEx. I have been informed by Daniel Buchholz of Holland & Knight LLP that Holland & Knight LLP sent those documents and that they comprised the documents referred to at points i and ii of paragraph 2 of this Affidavit. There is now produced and shown to me marked Exhibit "TSM6" a copy of my email to Mr Wyllie (without the attachments, which comprised the Documents).

<u>Conclusion</u>

15. I believe that leaving the Documents at the Registered Office of the Company in the manner described in paragraphs 3 and 5 of this Affidavit and in the Affidavit of Mr Sewell is a method of service prescribed by English law for the service of documents on a company in English domestic actions in the light of the provisions of CPR Rule 6.3(2)(a), read in conjunction with CPR Rules 6.3(1)(c) and 6.9, which permit service of a Claim Form by leaving it at the principal office of a company or any place of business of the company within the jurisdiction which has a real connection with the claim, and also the provisions of section 1139 of CA'06 which permit the service of documents by leaving them at the registered office of a company.

Sworn at 

                   )
                   )
                   )
                   )

This 15th day of March 2021      )     **TIMOTHY SEAN MURRAY**
                   )

Before me,

Notary Public

Affidavit on behalf of the Plaintiff
Affidavit of: Timothy Sean Murray
Exhibit Nos: 'TSM1', 'TSM2', 'TSM3',
'TSM4', 'TSM5', 'TSM6'
Date Sworn: March 15, 2021

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

**VIRAL STYLE, LLC, Plaintiff**

**CIVIL ACTION NO.   8:21-cv-00439-SDM-TGW**

**V.**

**IRON MAIDEN HOLDINGS LTD. AND**

**AM SULLIVAN LAW, LLC, Defendants**

-----------------------------------------

### AFFIDAVIT OF
### TIMOTHY SEAN MURRAY

-----------------------------------------

Holland & Knight (UK) LLP
Leaf 27C, Tower 42
25 Old Broad Street
London
EC2N 1HQ

Telephone:     020 7240 6767
Ref:           TSM

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

**VIRAL STYLE, LLC, Plaintiff**

CIVIL ACTION NO.   8:21-cv-00439-SDM-TGW

V.

**IRON MAIDEN HOLDINGS LTD. AND**

**AM SULLIVAN LAW, LLC, Defendants**

_____

**Exhibit "TSM1"**

_____

This is the Exhibit marked "TSM1" as referred to in the Affidavit of TIMOTHY SEAN MURRAY
sworn on March 15, 2021

Before me,

Notary Public

Roger Norrington
Notary Public
12 Broadway
Rainham
Essex RM13 9YL
Tel:  01708 552804
email : rnorrington@sackvilles.co.uk

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

**VIRAL STYLE, LLC, Plaintiff**

**CIVIL ACTION NO. 8:21-cv-00439-SDM-TGW**

V.

**IRON MAIDEN HOLDINGS LTD. AND
AM SULLIVAN LAW, LLC, Defendants**

---

## AFFIDAVIT OF SERVICE OF MARK SEWELL

---

I Mark Sewell of Britannia Process Servers Limited, 17 Ensign House, Admirals Way, London, E14 9XQ, United Kingdom, process server, state on OATH:-

1.  That I am over 18 years of age and authorized to serve legal process in England & Wales.

2.  That, acting under the direction of Holland & Knight (UK) LLP, of Leaf 27C, Tower 42, 25 Old Broad Street, London, England EC2N 1HQ, English Solicitors for the above-named Plaintiff, Viral Style LLC, I did on Friday, March 12, 2021 at approximately 11:20am (UK time), at Bridle House, 36 Bridle Lane, London, W1F 9BZ, England serve on Iron Maiden Holdings Ltd (a company registered in England and Wales with company number 01565159) ("Company"), the following documents, being documents relating to the proceedings in which this Affidavit is sworn, and also a covering letter from Holland & Knight (UK) LLP dated 10 March 2021 addressed to the Company (the letter and the documents together hereafter referred to as "Documents"):

    a.  Summons in a Civil Action dated 26 February 2021
    b.  Complaint (including the exhibits referred to therein) dated 24 February 2021

by leaving the Documents at the aforementioned address with an adult female who identified herself as Adele Hall and an employee of the Company. Upon arrival at the premises, I enquired of the aforementioned Adele Hall whether any Directors of the Company or any persons who held a senior position in the Company were present at the

premises. I was informed by Ms Hall that there were not. I therefore asked Ms Hall to pass on the Documents to a Director of the Company as soon as possible. Ms Hall said that she would do so. Ms Hall looked through the Documents briefly and mentioned that she had received a package of documents regarding the same matter on Thursday 11 March 2021 from Fedex, which she had forwarded to the finance director of the Company.

3. A copy of the letter of Holland & Knight (UK) LLP which is referred to in paragraph 2 of this Affidavit is now produced and shown to me marked Exhibit 'A'.

4. When I first arrived at the premises, there was no answer when I pressed the buttons on the door entry system. I subsequently spoke, on two occasions, with an adult male who informed me that he worked for one of the other companies that is based in the same building (I believe he identified himself as Martin Norfolk from Carbon Networks Limited). On the second occasion, which was at approximately 11.00am, UK time, he passed his mobile phone to me and said that he had Iron Maiden's solicitor on the line. I had a brief conversation with a gentleman who confirmed to me that he was Iron Maiden's solicitor. I asked the gentleman to email me so that I could have his contact details. Shortly afterwards, I received an email from an Andrew Wyllie, from which it appears that he was the gentlemen with whom I had the telephone conversation. A copy of the email is now produced and shown to me marked Exhibit 'B'.

## Statement of truth

I believe that the facts stated in this Affidavit are true. I understand that proceedings for contempt of court may be brought against anyone who makes, or causes to be made, a false statement in a document verified by a statement of truth without an honest belief in its truth.

Signed: *M Sewell*.

Sworn at *12 Broadway Rainham Essex UK*

This March 15, 2021.

Before me *Ro Norington*

A Notary Public.

Roger Norrington
Notary Public
12 Broadway
Rainham
Essex RM13 9YN
Tel: 01708 5
email: rnorrington@e

# UNITED STATEMENTS DISTRICT COURT
# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

**VIRAL STYLE, LLC, Plaintiff**

                                 CIVIL ACTION NO.     8:21-cv-00439-SDM-TGW

    V.

**IRON MAIDEN HOLDINGS LTD. AND**
**AM SULLIVAN LAW, LLC, Defendants**

---

**EXHIBIT 'A'**

---

This is the Exhibit marked 'A' referred to in the Affidavit of Service of Mark Sewell Sworn on March 15, 2021.

Before me

*Ro Norigl*

A Notary Public

Roger Norrington
Notary Public
12 Broadway
Rainham
Essex RM13 8YL
Tel: 01708 551004
email: rnorrington@sackvilles.co.uk

# Holland & Knight

Leaf 27C, Tower 42 | 25 Old Broad Street | London EC2N 1HQ | T +44.20.7240.6767 | F +44.20.7836.0699
Holland & Knight (UK) LLP | www.hklaw.com

Sender's Name: Tim Murray
Sender's Email: tim.murray@hklaw.com

10 March 2021

Iron Maiden Holdings Limited
Bridle House
36 Bridle Lane
London
W1F 9BZ
England

      Re:    **Our client: Viral Style, LLC**

Dear Sirs,

We are the English solicitors of the above-named company.

At the request of our client, we have been instructed to serve upon you, and hereby enclose by way of service, the following documents relating to legal proceedings that our client has commenced against you and AM Sullivan Law, LLC in The United States District Court for the Middle District of Florida, Tampa Division:

1. Summons in a Civil Action dated 26 February 2021;
2. Complaint (including the exhibits referred to therein) dated 24 February 2021.

Other than acknowledging receipt of this letter to us – which we should be grateful if you would do immediately by email to tim.murray@hklaw.com – all further communications relating to this matter should be directed to our client's Florida lawyers, whose details are as follows:

    David J. Lisko:     david.lisko@hklaw.com
    Daniel L. Buchholz:  daniel.buchholz@hklaw.com

    Holland & Knight, LLP
    100 N. Tampa Street, Suite 4100
    Tampa, FL 33602
    USA

    Tel:   +1 813.227.6580

Holland & Knight (UK) LLP is a limited liability partnership registered in England and Wales with registered number OC327443. Its registered office and principal place of business is Leaf 27C, Tower 42, 25 Old Broad Street, London EC2N 1HQ and it is authorized and regulated by the Solicitors Regulation Authority, SRA number 463499.

## Important notice

Holland & Knight LLP have asked us to inform you that:

A.   You must file a response within 21 days after service of the Complaint; and that.

B.   Failure to respond to the Complaint may result in a judgment against you without further notice.

Yours faithfully,

HOLLAND & KNIGHT (UK) LLP

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

**VIRAL STYLE, LLC, Plaintiff**

**CIVIL ACTION NO.**     **8:21-cv-00439-SDM-TGW**

    **V.**

**IRON MAIDEN HOLDINGS LTD. AND
AM SULLIVAN LAW, LLC, Defendants**

---

**EXHIBIT 'B'**

---

This is the Exhibit marked 'B' referred to in the Affidavit of Service of Mark Sewell Sworn on March 15, 2021.

Before me

*Ronbrigh-*

A Notary Public

Fisrar Morrington

Rainham
Essex RM13 9YL
Tel: 01709 552304

## Bridle House

Andrew Wyllie <andrew@maidenoffice.com>
Fri 12/03/2021 11:07
To: Britannia Process Servers <info@londonprocessservers.com>

Hello

I was asked to email this address by someone who visited our offices today (36 Bridle Lane, London, W1F 9BZ) which were unoccupied other than an IT consultant who was carrying out some maintenance. I understand this person was trying to serve some legal papers to that address. I am unaware of who they were trying to serve or what the matter may be about. Please can you provide further information so I can determine if we are able to take receipt of the papers in question.

Best wishes

Andrew

Affidavit on behalf of the Plaintiff
Affidavit of: Mark Sewell
Exhibit No: 'A'
Date Sworn: March 15, 2021

## UNITED STATEMENTS DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

VIRAL STYLE, LLC, Plaintiff

CIVIL ACTION NO.    8:21-cv-00439-SDM-TGW

V.

IRON MAIDEN HOLDINGS LTD. AND
AM SULLIVAN LAW, LLC, Defendants

_____

AFFIDAVIT OF SERVICE OF MARK SEWELL

_____

Holland & Knight, LLP
100 N. Tampa Street, Suite 4100
Tampa, FL 33602
USA

Tel: 813.227.6580

Attorneys for the Plaintiff.

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

**VIRAL STYLE, LLC, Plaintiff**

**CIVIL ACTION NO.   8:21-cv-00439-SDM-TGW**

**V.**

**IRON MAIDEN HOLDINGS LTD. AND**

**AM SULLIVAN LAW, LLC, Defendants**

---

**Exhibit "TSM2"**

---

This is the Exhibit marked "TSM2" as referred to in the Affidavit of TIMOTHY SEAN MURRAY
sworn on March 15, 2021

Before me,

Notary Public

Roger Norrington
Notary Public
12 Broadway
Rainham
Essex RM13 9YL
Tel:  01708 552804
email : rnorrington@sackvilles.co.uk

# Companies House

Companies House does not verify the accuracy of the information filed
(http://resources.companieshouse.gov.uk/serviceInformation.shtml#compInfo)

IRON MAIDEN HOLDINGS LIMITED

Company number **01565159**

Registered office address
> Bridle House, 36 Bridle Lane, London, W1F 9BZ

Company status
> Active

Company type
> Private limited Company

Incorporated on
> 1 June 1981

## Accounts

Next accounts made up to **31 March 2020**
due by **31 March 2021**

Last accounts made up to **31 March 2019**

## Confirmation statement

Next statement date **31 December 2021**
due by **14 January 2022**

Last statement dated **31 December 2020**

## Nature of business (SIC)

- 90030 - Artistic creation

Tell us what you think of this service(link opens a new window) (https://www.research.net/r/S78XJMV) Is there anything wrong with this page?(link opens a new window) (https://beta.companieshouse.gov.uk/help/feedback?sourceurl=https://find-and-update.company-information.service.gov.uk/company/01565159)

# Companies House

Companies House does not verify the accuracy of the information filed (http://resources.companieshouse.gov.uk/serviceInformation.shtml#compInfo)

IRON MAIDEN HOLDINGS LIMITED

Company number **01565159**

Registered office address
Bridle House, 36 Bridle Lane, London, W1F 9BZ

Company status
Active

Company type
Private limited Company

Incorporated on
1 June 1981

## Accounts

Next accounts made up to **31 March 2020**
due by **31 March 2021**

Last accounts made up to **31 March 2019**

## Confirmation statement

Next statement date **31 December 2021**
due by **14 January 2022**

Last statement dated **31 December 2020**

## Nature of business (SIC)

- 90030 - Artistic creation

Tell us what you think of this service(link opens a new window) (https://www.research.net/r/S78XJMV) Is there anything wrong with this page?(link opens a new window) (https://beta.companieshouse.gov.uk/help/feedback?sourceurl=https://find-and-update.company-information.service.gov.uk/company/01565159)

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

**VIRAL STYLE, LLC, Plaintiff**

**CIVIL ACTION NO.    8:21-cv-00439-SDM-TGW**

**V.**

**IRON MAIDEN HOLDINGS LTD. AND**

**AM SULLIVAN LAW, LLC, Defendants**

---

**Exhibit "TSM3"**

---

This is the Exhibit marked "TSM3" as referred to in the Affidavit of TIMOTHY SEAN MURRAY
sworn on  March 15, 2021

Before me,

Notary Public

Roger Norrington
Notary Public
12 Broadway
Rainham
Essex RM13 9YL
Tel:   01708 ___ 304
email :  rnorrington@___villes.co.uk

Effect of Section V

6.52.1

This section sets out the procedure for the incoming service of judicial documents, through the Senior Master in England and Wales.

Parties to foreign litigation in a country which is a signatory to the Hague Convention on the Service of Judicial and Extrajudicial Documents are also able to effect service in England and Wales as set out in art.10 of the Convention which states:

"Provided the State of destination does not object, the present Convention shall not interfere with—

(a) the freedom to send judicial documents, by postal channels, directly to persons abroad,

(b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officials or other competent persons of the State of destination,

(c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officials or other competent persons of the State of destination."

In art.10 "other competent persons of the State of destination" in the case of service in England and Wales is regarded by The Senior Master as meaning Solicitors of the Senior Courts. The Central Authority Section for the UK on the HCCH website contains the following statements in that respect:

"Extract from a letter dated 11 September 1980 addressed by the Foreign and Commonwealth Office of the Permanent Bureau:

'(…) Thank you for your letter of 31 July in which you ask for assistance in the interpretation of the declaration made by the United Kingdom on 17 November 1967 in relation to Article 10(c) of the Convention. I am happy to confirm that our declaration does not preclude any person in another Contracting State who is interested in a judicial proceeding (including his lawyer) from effecting service in the United Kingdom "directly" through a competent person other than a judicial officer or official, e.g., a solicitor. (…)' Conclusion and Recommendation No 58 of the 2003 Special Commission (SC) states: 'The 2003 SC noted that the UK confirmed its position expressed at the Special Commission meeting of 1989, indicating its preference for the use of direct service through English solicitors on residents of England and Wales.'"

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

**VIRAL STYLE, LLC, Plaintiff**

**CIVIL ACTION NO.   8:21-cv-00439-SDM-TGW**

**V.**

**IRON MAIDEN HOLDINGS LTD. AND**

**AM SULLIVAN LAW, LLC, Defendants**

---

**Exhibit "TSM4"**

---

This is the Exhibit marked "TSM4" as referred to in the Affidavit of TIMOTHY SEAN MURRAY sworn on March 15, 2021

Before me,

Notary Public

Roger Morrington
Notary Public
12 Broadway
Rainham
Essex RM13 9YL
Tel:   01708 552804
email : rmorrington@sackvilles.co.uk

UK Parliament SIs 1990-1999/1998/3101-3150/Civil Procedure Rules 1998 (SI 1998/3132)/[Part 6 Service of Documents]/[Rule 6.3 Methods of service]

**[II Service of the Claim Form in the Jurisdiction] [. . .]**

**[Rule 6.3 Methods of service]**

[(1)    A claim form may [. . .] be served by any of the following methods—

   (a)    personal service in accordance with rule 6.5;

   (b)    first class post, document exchange or other service which provides for delivery on the next business day, in accordance with [Practice Direction 6A];

   (c)    leaving it at a place specified in rule 6.7, 6.8, 6.9 or 6.10;

   (d)    fax or other means of electronic communication in accordance with [Practice Direction 6A]; or

   (e)    any method authorised by the court under rule 6.15.

(2)    A company may be served—

   (a)    by any method permitted under this Part; or

   (b)    by any of the methods of service [permitted under] the Companies Act 2006.

(3)    A limited liability partnership may be served—

   (a)    by any method permitted under this Part; or

   (b)    by any of the methods of service [permitted under the Companies Act 2006 as applied with modification by regulations made under the Limited Liability Partnerships Act 2000].]

```
Document information
```

Civil Procedure Rules 1998

**Date made**
10/12/1998

UK Parliament SIs 1990-1999/1998/3101-3150/Civil Procedure Rules 1998 (SI 1998/3132)/[Part 6 Service of Documents]/[Rule 6.9 Service of the claim form where the defendant does not give an address at which the defendant may be served]

**[Rule 6.9 Service of the claim form where the defendant does not give an address at which the defendant may be served]**

[(1)    This rule applies where—

   (a)    rule 6.5(1) (personal service);

   (b)    rule 6.7 (service of claim form on solicitor [. . .]); and

   (c)    rule 6.8 (defendant gives address at which the defendant may be served),

do not apply and the claimant does not wish to effect personal service under rule 6.5(2).

[(For service out of the jurisdiction see rules 6.40 to 6.47.)]

(2)     Subject to paragraphs (3) to (6), the claim form must be served on the defendant at the place shown in the following table.

| Nature of defendant to be served | Place of service |
| --- | --- |
| 1    Individual | Usual or last known residence. |
| 2    Individual being sued in the name of a business | Usual or last known residence of the individual; or principal or last known place of business. |
| 3    Individual being sued in the business name of a partnership | Usual or last known residence of the individual; or principal or last known place of business of the partnership. |
| 4    Limited liability partnership | Principal office of the partnership; or any place of business of the partnership within the jurisdiction which has a real connection with the claim. |
| 5    Corporation (other than a company) incorporated in England and Wales | Principal office of the corporation; or any place within the jurisdiction where the corporation carries on its activities and which has a real connection with the claim. |
| 6    Company registered in England and Wales | Principal office of the company; or any place of business of the company within the jurisdiction which has a real connection with the claim. |
| 7    Any other company or corporation | Any place within the jurisdiction where the corporation carries on its activities; or any place of business of the company within the jurisdiction. |

(3)     Where a claimant has reason to believe that the address of the defendant referred to in entries 1, 2 or 3 in the table in paragraph (2) is an address at which the defendant no longer resides or carries on business, the claimant must take reasonable steps to ascertain the address of the defendant's current residence or place of business ("current address").

(4)     Where, having taken the reasonable steps required by paragraph (3), the claimant—

    (a)    ascertains the defendant's current address, the claim form must be served at that address; or

    (b)    is unable to ascertain the defendant's current address, the claimant must consider whether there is—

        (i)    an alternative place where; or

        (ii)    an alternative method by which,

service may be effected.

(5)     If, under paragraph (4)(b), there is such a place where or a method by which service may be effected, the claimant must make an application under rule 6.15.

(6)　　Where paragraph (3) applies, the claimant may serve on the defendant's usual or last known address in accordance with the table in paragraph (2) where the claimant—

(a)　　cannot ascertain the defendant's current residence or place of business; and

(b)　　cannot ascertain an alternative place or an alternative method under paragraph (4)(b).]

---

```
Document information
```

Civil Procedure Rules 1998

**Date made**
10/12/1998

UK Parliament SIs 1990-1999/1998/3101-3150/Civil Procedure Rules 1998 (SI 1998/3132)/[Part 6 Service of Documents]/[Rule 6.20 Methods of service]

**[III Service of Documents Other Than the Claim Form in the United Kingdom] [. . .]**

**[Rule  6.20 Methods of service]**

[(1)　　[A] document may be served by any of the following methods—

(a)　　personal service, in accordance with rule 6.22;

(b)　　first class post, document exchange or other service which provides for delivery on the next business day, in accordance with [Practice Direction 6A];

(c)　　leaving it at a place specified in rule 6.23;

(d)　　fax or other means of electronic communication in accordance with [Practice Direction 6A]; or

(e)　　any method authorised by the court under rule 6.27.

(2)　　A company may be served—

(a)　　by any method permitted under this Part; or

(b)　　by any of the methods of service [permitted under] the Companies Act 2006.

(3)　　A limited liability partnership may be served—

(a)　　by any method permitted under this Part; or

(b)　　by any of the methods of service [permitted under the Companies Act 2006 as applied with modification by regulations made under the Limited Liability Partnerships Act 2000].]

---

```
Document information
```

Civil Procedure Rules 1998

**Date made**
10/12/1998

**[Rule 6.23 Address for service] [to be given after proceedings are started]**

**[(1)    A party to proceedings must give an address at which that party may be served with documents relating to those proceedings. The address must include a full postcode [. . .] unless the court orders otherwise.**

(Paragraph 2.4 of [Practice Direction 16] contains provisions about postcodes.)

**[(2)    Except where any other rule or practice direction makes different provision, a party's address for service must be—**

(a)    the business address . . . within the United Kingdom . . . of a solicitor acting for the party to be served; or

(b)    . . .

(c)    where there is no solicitor acting for the party . . .—

(i)    an address within the United Kingdom at which the party resides or carries on business; . . .

(ii)    . . ..

(For Production Centre Claims see paragraph 2.3(7) [and (7A)] of Practice Direction 7C; for Money Claims Online see [paragraph 4(3A) and (6)] of Practice Direction 7E; and for Possession Claims Online see [paragraph 5.1(3A) and (4)] of Practice Direction 55B.)]

(3)    Where [none of sub-paragraphs (2)(a). . . or (c) applies], the party must give an address for service within the United Kingdom.

(Part 42 contains provisions about change of solicitor. Rule 42.1 provides that where a party gives the business address of a solicitor as that party's address for service, that solicitor will be considered to be acting for the party until the provisions of Part 42 are complied with.)

(4)    [Subject to the provisions of Section IV of this Part (where applicable), any] document to be served in proceedings must be sent or transmitted to, or left at, the party's address for service under paragraph (2) or (3) unless it is to be served personally or the court orders otherwise.

(5)    Where, in accordance with [Practice Direction 6A], a party indicates or is deemed to have indicated that they will accept service by fax, the fax number given by that party must be at the address for service.

(6)    Where a party indicates in accordance with [Practice Direction 6A] that they will accept service by electronic means other than fax, the e-mail address or electronic identification given by that party will be deemed to be at the address for service.

(7)    In proceedings by or against the Crown, service of any document in the proceedings on the Crown must be effected in the same manner prescribed in rule 6.10 as if the document were a claim form.

(8)    This rule does not apply where an order made by the court under rule 6.27 (service by an alternative method or at an alternative place) specifies where a document may be served.]

[(For service out of the jurisdiction see rules 6.40 to 6.47.)]

---

```
Document information
```

Civil Procedure Rules 1998

**Date made**
10/12/1998

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

**VIRAL STYLE, LLC, Plaintiff**

**CIVIL ACTION NO.   8:21-cv-00439-SDM-TGW**

**V.**

**IRON MAIDEN HOLDINGS LTD. AND**

**AM SULLIVAN LAW, LLC, Defendants**

---

**Exhibit "TSM5"**

---

This is the Exhibit marked "TSM5" as referred to in the Affidavit of TIMOTHY SEAN MURRAY sworn on March 15, 2021

Before me,

Notary Public

Roger Norrington
Notary Public
12 Broadway
Rainham
Essex RM13 9YL
Tel:  01708 552804
email : rnorrington@sackvilles.co.uk

UK Parliament Acts/C/CO-CT/Companies Act 2006 (2006 c 46)/Part 37 Companies: Supplementary Provisions (ss 1134-1157)/1139 Service of documents on company

*Service addresses*

## 1139 Service of documents on company

(1)    A document may be served on a company registered under this Act by leaving it at, or sending it by post to, the company's registered office.

(2)    A document may be served on an overseas company whose particulars are registered under section 1046—

(a)    by leaving it at, or sending it by post to, the registered address of any person resident in the United Kingdom who is authorised to accept service of documents on the company's behalf, or

(b)    if there is no such person, or if any such person refuses service or service cannot for any other reason be effected, by leaving it at or sending by post to any place of business of the company in the United Kingdom.

(3)    For the purposes of this section a person's "registered address" means any address for the time being shown as a current address in relation to that person in the part of the register available for public inspection.

(4)    Where a company registered in Scotland or Northern Ireland carries on business in England and Wales, the process of any court in England and Wales may be served on the company by leaving it at, or sending it by post to, the company's principal place of business in England and Wales, addressed to the manager or other head officer in England and Wales of the company.

Where process is served on a company under this subsection, the person issuing out the process must send a copy of it by post to the company's registered office.

(5)    Further provision as to service and other matters is made in the company communications provisions (see section 1143).

Document information

Companies Act 2006

**Date made**
08/11/2006

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

**VIRAL STYLE, LLC, Plaintiff**

**CIVIL ACTION NO.   8:21-cv-00439-SDM-TGW**

**V.**

**IRON MAIDEN HOLDINGS LTD. AND**

**AM SULLIVAN LAW, LLC, Defendants**

---

**Exhibit "TSM6"**

---

This is the Exhibit marked "TSM6" as referred to in the Affidavit of TIMOTHY SEAN MURRAY sworn on March 15, 2021

Before me,

Notary Public

Roger Norrington
Notary Public
12 Broadway
Rainham
Essex RM13 9YL
Tel:  01708 552304
email : rnorrington@sackvilles.co

| From: | Murray, Tim (LON - X89915) |
| To: | "andrew@maidenoffice.com" |
| Cc: | Lisko, David J (TPA - X36397); Buchholz, Daniel L (TPA - X36580) |
| Subject: | Our client: Viral Style, LLC: Proceedings commenced against Iron Maiden Holdings Limited |
| Date: | 12 March 2021 12:54:07 |
| Attachments: | 210310 Letter to Iron Maiden Holdings Limited(82576211.2).pdf |
| | 2021-02-24 Complaint (w_ exhibits attached)(82371891.1).pdf |
| | Summons for Iron Maiden.pdf |

Dear Mr Wyllie

Mark Sewell of Britannia Process Servers Limited has forwarded me the email that you sent to him earlier today (which appears below this email) following your brief conversation with him at around 11am this morning when, acting on my firm's instructions, he attended the registered office of Iron Maiden Holdings Limited ("Company") at Bridle House, 36 Bridle Lane, London W1F 9BZ to serve documents relating to proceedings that our client, Viral Style, LLC, has commenced against the Company in The United States District Court for the Middle District of Florida, Tampa Division. I understand from Mr Sewell that you are an in-house lawyer of the Company.

The documents were served by leaving them with the receptionist (Adele Hall) at the above address at around 11.20am. The receptionist also confirmed that a set of the documents had been received by Fedex yesterday (11 March 2021) and had been forwarded to the Company's finance director. For your information, that set of the documents had been sent by our client's US attorneys (Holland & Knight LLP, of which my firm is an affiliate).

I attach, for your information, the documents which were served on the Company this morning.

If you require any further information about this matter, please contact the attorneys at Holland & Knight LLP who are dealing with the case, David Lisko and Daniel Buchholz. They are copied to this email and their details are also set out in the covering letter from my firm (the first attachment to this email) which was included with the documents served earlier today.

Kind regards

Tim Murray


**Tim Murray | Holland & Knight**
Senior Counsel
Holland & Knight (UK) LLP
Leaf 27C, Tower 42, 25 Old Broad Street | London EC2N 1HQ
Phone +44.20.7071.9915 | Mobile +44.7717.208366
tim.murray@hklaw.com | www.hklaw.com

Add to address book | View professional biography


**From:** Andrew Wyllie <andrew@maidenoffice.com>
**Sent:** Friday, March 12, 2021 11:07:43 AM
**To:** Britannia Process Servers <info@londonprocessservers.com>
**Subject:** Bridle House

Hello

I was asked to email this address by someone who visited our offices today (36 Bridle Lane, London, W1F 9BZ) which were unoccupied other than an IT consultant who was carrying out some maintenance. I understand this person was trying to serve some legal papers to that address. I am unaware of who they were trying to serve or what the matter may be about. Please can you provide further information so I can determine if we are able to take receipt of the papers in question.

Best wishes

Andrew