UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VIRAL STYLE, LLC,

    Plaintiff,
v.                                           Case No. 8:21-cv-00439-SDM-TGW

IRON MAIDEN HOLDINGS LTD.
and AM SULLIVAN LAW, LLC,

    Defendants.
_____/

## AMENDED COMPLAINT

Plaintiff Viral Style, LLC ("Viral Style") sues Defendants Iron Maiden Holdings Ltd. ("Iron Maiden") and AM Sullivan Law, LLC ("AMS Law") (collectively, "Defendants") as follows:

## NATURE OF ACTION

1. The actions at issue in this lawsuit are akin to a high-tech and sophisticated bank robbery. Defendants improperly, and without authorization to do so, took $200,000.00 out of Viral Style's PayPal, Inc. ("PayPal") account. This is an action for monetary relief for civil theft under Fla. Stat. § 772.11 and conversion, fraud, tortious interference with a business relationship, and civil conspiracy under Florida common law.

## PARTIES

2. Viral Style is a Florida limited liability company with its principal place of business in Tampa, Florida. Its members are citizens of Florida.

3. Iron Maiden is a British company with its principal place of business in the London, England. Iron Maiden is associated with the English metal band of the same name. Iron Maiden is in the business of creating, developing, marketing, and licensing the band's products, including apparel and memorabilia. Iron Maiden does significant business in Tampa, Florida.

4. AMS Law is an Illinois limited liability company with its principal place of business in Chicago, Illinois. Upon information and belief, its members are citizens of Illinois. At all material times, Ann Marie Sullivan, Esq. ("Sullivan") was an agent of AMS Law, and the acts or omissions of Sullivan were committed within the scope of the agency relationship between Sullivan and AMS Law. Upon information and belief, AMS Law acknowledged that Sullivan would act on its behalf when practicing law, Sullivan accepted this undertaking, and AMS Law controlled the actions of Sullivan when she was practicing law for the benefit of AMS Law.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000 – exclusive of interest, costs, and attorneys' fees – and is between a U.S. citizen and a citizen of a foreign country, as well as between citizens of different states.

6. This Court has personal jurisdiction over Iron Maiden and AMS Law because they committed tortious acts within Florida. AMS Law and Iron Maiden misappropriated and conspired to misappropriate Viral Style's funds, and the

harm caused to Viral Style by that misappropriation occurred in Florida. Furthermore, AMS Law made false misrepresentations to Viral Style's representatives, who are located in Florida.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Viral Style is located in the Middle District of Florida, Iron Maiden does significant business in the Middle District of Florida, and a substantial part of the events or omissions giving rise to the claims occurred in the Middle District of Florida. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(c)(3) because Iron Maiden is not a U.S. resident.

## GENERAL ALLEGATIONS

**A.   Viral Style's Business.**

8. Viral Style is an online service provider e-commerce platform and/or marketplace. Viral Style operates an e-commerce website that allows user-sellers to create, design, sell, and distribute various custom products, such as clothing, hats, and accessories. Viral Style's services allow user-sellers to create, design, sell, and distribute their custom products without the typical administrative and operational burdens, such as inventory, printing, transactional services, and fulfillment of orders. Individuals or entities with creative ideas for products, but lack the recourses or desire to manufacture or produce those products, can use Viral Style's services to turn their ideas into tangible products that user-sellers can sell.

9. The process by which user-sellers enable Viral Style's platform to

create, design, and sell their products (referred to as a "campaign") is as follows:

    a.    After creating an account, the user-seller selects basic information about the product, such as the product category and specific materials to make the product.

    b.    Next, the user-seller can select a product or group of products they would like to offer with their custom art. Then, the user-seller can customize the selected product by uploading their image file from their user-seller's computer and setting the size and location on the product they would like to offer.

    c.    After setting the price of the product, the user-seller posts the product for sale on Viral Style's website and advertises the sale of the product as the user-seller sees fit.

10. User-sellers launch or relaunch approximately 4,000 campaigns each day on Viral Style's website.

11. Viral Style is not a copyright infringer. Just like Amazon, eBay, and Facebook, Viral Style is protected from allegations of copyright infringement by the Digital Millennium Copyright Act's safe harbor for online service provider e-commerce platforms and/or marketplaces.

12. When a user-seller creates an account and begins selling products on Viral Style's website, the user-seller expressly agrees to Viral Style's "Terms of Service," which includes Viral Style's "User Agreement," "Intellectual Property Complaint Policy," "Counter-Notice Policy," "Repeat Intellectual Property

Complaint Policy," "Refund Policy," and "Privacy Policy."  A true and correct copy of Viral Style's Terms of Service, which includes these various policies, is attached as Exhibit A.

    13.    Viral Style's Terms of Service and accompanying policies are designed, in part, to prevent copyright and trademark infringement.  For example, Viral Style's User Agreement states, among other things:

> 2. With respect to any trademarks, service marks, or copyrights that you have licensed from the owner thereof (the "Licensed Rights"), you agree to comply with any restrictions or conditions imposed on the use of the Licensed Rights.
>
> 3. You agree that you are the owner, or licensee, of all rights associated with any created or uploaded artwork or text, including but not limited to, the trademarks and copyrights that may be associated with said material. If you are not the owner, you agree to provide Viralstyle with evidence of the permission given to you by the owner.
>
> 4. You agree that the description and title of the campaign do not, either in and of themselves or in addition to the text and images featured in the created merchandise, infringe upon the rights of any third party.
>
> . . . .
>
> 6. You understand and agree that Viralstyle may, in its sole discretion, release your contact information to a third party that satisfactorily alleges, pursuant to Viralstyle's Intellectual Property Complaint Policy below, unauthorized use of its intellectual property.
>
> . . . .
>
> 8. Upon receipt by Viralstyle of an allegation of infringement that comports with Viralstyle's Intellectual Property Complaint Policy, in Viralstyle's sole discretion, your campaign may be subject to immediate cancellation, possible forfeiture of any

> profits, and suspension or termination of your account with Viralstyle.
>
> . . . .
>
> 11. You agree to defend, indemnify, and hold Viralstyle and its affiliates harmless from and against any and all claims, damages, costs, and expenses, including attorneys' fees, arising from or relating to your use of Viralstyle's site and services, your violation of this Agreement, or your violation of any rights of another.

(Ex. A at 3).

14. The Intellectual Property Complaint Policy allows third parties to report to Viral Style possible intellectual property infringement by user-seller's products. (Ex. A at 3-4).[1] Additionally, the Repeat Intellectual Property Complaint Policy provides that Viral Style may terminate a user-seller's account if there are repeated complaints of intellectual property misuse by the user's products. (Ex. A at 4-5).

15. When a user-seller's product is sold, the proceeds from that sale are paid directly to Viral Style by the purchaser via PayPal. After Viral Style receives those funds into its PayPal account, Viral Style pays the majority of the sale proceeds to the user-seller who sold the product. Viral Style retains a portion of the sale proceeds as administrative charges. This payment process is substantially similar to other e-commerce websites like eBay and Etsy.

---

[1] For example, twice in the last four years, an Iron Maiden representative made a complaint related to Iron Maiden's intellectual property. On June 6, 2017, a complaint was made and the issue was handled and resolved within one business day. On November 19, 2018, a complaint was made and the issue was handled and resolved on the same day. No other complaints have ever been made to Viral Style related to Iron Maiden.

6

16. Viral Style's PayPal account is a business account used solely by Viral Style for its day-to-day business. Viral Style's users do not have access to Viral Style's PayPal account. Viral Style's PayPal account is not a shared account. Hundreds of millions of dollars have been transacted through Viral Style's PayPal account.

**B.     The Illinois Lawsuit.**

17. On or about September 4, 2020, AMS Law, on behalf of Iron Maiden, sued hundreds of defendants, alleging a complex and well-organized international conspiracy to infringe on Iron Maiden's intellectual property, styled, *XYZ Corporation v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, Case No. 1:20-cv-05251, in the U.S. District Court for the Northern District of Illinois (the "Illinois Lawsuit"). A true and correct copy of the amended complaint filed in the Illinois Lawsuit, which was filed the same day as the original complaint, is attached as Exhibit B.

18. The amended complaint in the Illinois Lawsuit did not expressly name any defendants in the actual pleading, but instead merely identified the defendants as the numerous entities listed in Schedule "A" to the amended complaint. (*See* Ex. B at 2, 36-39). Viral Style was one of the defendants listed in Schedule A. Neither Viral Style nor any of the other numerous unrelated defendants listed in Schedule A are actually mentioned in the amended complaint, as Iron Maiden refers to them all collectively as, "Defendants."

19. Viral Style, however, had no involvement in the conspiracy alleged in

7

the Illinois Lawsuit, and as explained below, Viral Style was named as a defendant in the Illinois Lawsuit by accident. Indeed, as explained above, Viral Style takes numerous measures to prevent intellectual property infringement on its website. AMS Law knew Viral Style was a legitimate standalone company, and not a cog in the wheel of an international conspiracy to create counterfeit products, because AMS Law used Viral Style's website.

20. Additionally, Viral Style was never served process in the Illinois Lawsuit. In fact, neither Iron Maiden nor AMS Law ever even attempted to serve process on Viral Style in the Illinois Lawsuit pursuant to the Federal Rules of Civil Procedure. This is despite the fact that AMS Law used Viral Style's website and clearly knew how to contact Viral Style. Furthermore, there was no basis to assert personal jurisdiction over Viral Style in the Illinois Lawsuit.

21. On September 15, 2020, AMS Law, on behalf of Iron Maiden, filed an *ex parte* motion for a temporary restraining order, a temporary injunction, temporary asset restraint, and expedited discovery. True and correct copies of the *ex parte* motion and memorandum in support are attached as Exhibit C. No defendant in the case attempted to block the temporary restraining order and no defense counsel even appeared at the hearing on Iron Maiden's motion for temporary restraining order.

22. On September 16, 2020, the Illinois court granted Iron Maiden's *ex parte* motion. A true and correct copy of the order granting the *ex parte* motion is attached as Exhibit D.

23. On September 28, 2020, using the order granting Iron Maiden's *ex parte* motion, Defendants forced PayPal to freeze Viral Style's PayPal account. A true and correct copy of the email from PayPal notifying Viral Style of the freeze on its account is attached as Exhibit J.

24. The freezing of Viral Style's PayPal account immediately caused substantial monetary damage and reputational harm to Viral Style. The relationship between Viral Style and its users was severely damaged by the restrictions on Viral Style's PayPal account. For example, the restrictions prevented Viral Style from paying its user-sellers who had sold products and demanded payment, resulting in user-sellers moving their sales to competitor platforms and an immediate decline in Viral Style's sales. Indeed, Viral Style's sales immediately declined and continued to decline for multiple months following the freeze on Viral Style's PayPal account.

25. After the freezing of its account, Viral Style immediately contacted PayPal to determine the reason Viral Style's account had been frozen. PayPal explained that the account was frozen due to the injunction order presented by Defendants. This was the first time Viral Style learned of the Illinois Lawsuit.

26. On September 29, 2020, after learning from PayPal that Viral Style's account was frozen because of the Illinois Lawsuit, Viral Style's counsel immediately contacted Sullivan. Viral Style's counsel explained to Sullivan that Viral Style is merely an online service provider e-commerce platform and/or marketplace and not involved in any conspiracy to infringe on Iron Maiden's

intellectual property. Viral Style's counsel therefore demanded that Iron Maiden unfreeze Viral Style's PayPal account and dismiss Viral Style from the Illinois Lawsuit. A true and correct copy of the correspondences between Viral Style's counsel and Sullivan is attached as Exhibit E.

27. On September 30, 2020, in response to the information provided by Viral Style's counsel, Sullivan admitted that Viral Style was mistakenly added to the Illinois Lawsuit and agreed to dismiss Viral Style from the Illinois Lawsuit. (Ex. E at 8). While agreeing that Viral Style was improperly named as a defendant and should be dismissed, Sullivan attempted to assert that Viral Style shares a PayPal account with two other defendants in the Illinois Lawsuit, "BEATTEE" and "89ARTSHIRT." (*See id.*).

28. In response, Viral Style's counsel explained to Sullivan that while "BEATTEE" and "89ARTSHIRT" are users of Viral Style's website, they do not share a PayPal account with Viral Style. Viral Style's counsel further explained that Viral Style's PayPal account is a business account, and neither "BEATTEE," "89ARTSHIRT," nor any other users have any access or interest in Viral Style's PayPal account. (Ex. E at 6-7). Indeed, as explained above, payments made to Viral Style's user-sellers are processed through Viral Style's PayPal account, and then Viral Style pays money to the user-sellers for the goods they sold.

29. On October 1, 2020, in response to the additional information provided by Viral Style's counsel, Sullivan "agree[d] that the restraint as to [Viral Style] needs to be released" and agreed to dismiss Viral Style from the Illinois

10

Lawsuit. (Ex. E at 5).

30. As a result, on October 2, 2020, AMS Law, on behalf of Iron Maiden, voluntarily dismissed Viral Style from the Illinois Lawsuit. A true and correct copy of the notice of voluntary dismissal is attached as Exhibit F.[2]

31. Following Viral Style's dismissal from the Illinois Lawsuit, Viral Style's PayPal account was unfrozen. No holds were placed on the PayPal account either, as was previously threatened by Sullivan.

32. On October 26, 2020, AMS Law, on behalf of Iron Maiden, filed a motion for preliminary injunction in the Illinois Lawsuit, which the court granted on October 28, 2020. A true and correct copy of the order granting the motion for preliminary injunction is attached as Exhibit G. Again, no defendant contested the motion for preliminary injunction and no defense counsel appeared at the hearing on the motion for preliminary injunction.

33. On November 25, 2020, AMS Law, on behalf of Iron Maiden, filed a motion for default as to all remaining defendants (none of which had made any filings) in the Illinois Lawsuit.

34. On December 1, 2020, the court held a hearing on Iron Maiden's

---

[2] A review of the docket in the Illinois Lawsuit shows that several defendants were dismissed in the lawsuit. It appears that each time an attorney would make an appearance, on the record or off the record, that attorney's client would get dismissed. As a result, Iron Maiden and AMS Law never received any opposition. By avoiding any opposition whatsoever in the Illinois Lawsuit, Iron Maiden and AMS Law were able to obtain a judgment for millions of dollars against dozens of defendants in under three months. Iron Maiden and AMS Law used that judgment to take $200,000.00 from non-party Viral Style.

11

motion for default. Upon information and belief, Sullivan misrepresented to the Illinois court that "BEATTEE" and "89ARTSHIRT" owned Viral Style's PayPal account during the hearing. The Illinois court ultimately granted a Final Judgment Order as to the defaulted defendants (only), including "BEATTEE" and "89ARTSHIRT." A true and correct copy of the Final Judgment Order is attached as Exhibit H. Once again, because all of the defendants that would defend had been dismissed from the lawsuit, no defendant contested the motion for default and no defense counsel appeared at the hearing on Iron Maiden's motion for default.

35. Viral Style was not subject to the Final Judgment Order, as Viral Style was not even a defendant in the Illinois Lawsuit at that time. Indeed, the "Amended Schedule A" to the Final Judgment Order indicates Viral Style's dismissal from the lawsuit. (*See* Ex. H at 12, ¶ 93).

**C.   Iron Maiden and AMS Law's Theft.**

36. On February 1, 2021, without providing any notice to Viral Style, Iron Maiden, with assistance from AMS Law, improperly misappropriated $200,000.00 from Viral Style's PayPal account by, among other things, making fraudulent misrepresentations to induce PayPal into granting Defendants the ability to improperly take money from Viral Style's account.

37. Iron Maiden and AMS Law misappropriated these funds with full knowledge that Viral Style: (a) was dismissed from the Illinois Lawsuit, (b) was only named as a defendant in the Illinois Lawsuit by mistake, (c) was not bound by

12

the Final Judgment Order, (d) was an online service provider e-commerce platform and/or marketplace that did not infringe on Iron Maiden's intellectual property, and (e) did not share its PayPal account with BEATEE or 89ARTSHIRT.

38.     Despite repeated demands, Iron Maiden and AMS Law refuse to return the $200,000.00 taken from Viral Style's PayPal account. True and correct copies of the demand letters sent to Iron Maiden and AMS Law are attached collectively as Exhibit I.

39.     All conditions precedent to bringing and maintaining this action have been performed, were waived, would be futile if attempted, or have otherwise been satisfied or occurred.

40.     Viral Style has retained Holland & Knight LLP to represent it in this action and has agreed to pay the firm reasonable attorneys' fees and costs for its services.

## COUNT I – CONVERSION
### (Iron Maiden and AMS Law)

41.     Viral Style incorporates the allegations in paragraphs 1 through 40 of the Complaint by reference as if fully set forth herein.

42.     This is an action for conversion under Florida common law.

43.     The money in Viral Style's PayPal account – including the $200,000.00 misappropriated by Defendants – is Viral Style's property that Viral Style had an absolute and immediate right to possess.

44.     Defendants wrongfully asserted possession of and converted to their

own use $200,000.00 from Viral Style's PayPal account.

45. Defendants' wrongfully asserted dominion over the $200,000.00 is inconsistent with Viral Style's property rights.

46. Defendants knew or should have known that they had no right to take Viral Style's property.

47. Viral Style has been damaged by Defendants' conversion.

48. Defendants' conversion was intentional and willful, and therefore, entities Viral Style to an award of punitive damages.

## COUNT II – CIVIL THEFT
### (Iron Maiden and AMS Law)

49. Viral Style incorporates the allegations in paragraphs 1 through 40 and 42 through 48 of the Complaint by reference as if fully set forth herein.

50. This is an action for civil theft under Section 772.11, Florida Statutes.

51. The money in Viral Style's PayPal account – including the $200,000.00 misappropriated by Defendants – is Viral Style's property that Viral Style had an absolute and immediate right to possess.

52. Defendants, acting with criminal intent, knowingly obtained or used, or endeavored to obtain or use, money in Viral Style's PayPal account.

53. Defendants acted with the felonious intent to temporarily or permanently deprive Viral Style of its right to the money in its PayPal account. Additionally, Defendants acted with the felonious intent to temporarily or permanently appropriate the money in Viral Style's PayPal account to Defendants'

own use or to the use of others not entitled to the money. Indeed, as part of a deceptive and unlawful scheme more fully described below, Defendants made fraudulent misrepresentations to induce PayPal into granting Defendants the ability to improperly take money from Viral Style's account.

54. Defendants knew or should have known that they had no right to take Viral Style's property.

55. Viral Style has been damaged by Defendants' criminal theft.

56. Pursuant to Section 772.11, Florida Statutes, on February 16 and 18, 2021, Viral Style served written demand letters to Defendants notifying them of the $200,000 stolen from Viral Style and demanding treble damages for Viral Style's actual losses. (*See* Exhibit I). Accordingly, Viral Style satisfied the pre-suit demand requirement under Section 772.11, Florida Statutes.

57. Viral Style is entitled to its attorneys' fees and costs incurred in bringing this action pursuant to Section 772.11, Florida Statutes.

58. Viral Style is entitled to its actual damages and treble damages pursuant to Section 772.11, Florida Statutes.

### COUNT III – FRAUD
### (Iron Maiden and AMS Law)

59. Viral Style incorporates the allegations in paragraphs 1 through 40 of the Complaint by reference as if fully set forth herein.

60. This is an action for fraud under Florida common law.

61. AMS Law, on behalf of Iron Maiden, made numerous false statements

concerning material facts. AMS Law falsely accused Viral Style of trademark infringement. AMS Law also falsely represented to Viral Style that the restrictions on Viral Style's PayPal account would be removed and Viral Style would no longer be impacted by the Illinois Lawsuit following dismissal. Additionally, AMS Law and Iron Maiden falsely represented to PayPal that the Illinois Lawsuit affected Viral Style's rights and allowed Defendants to take funds out of Viral Style's PayPal account.

62. AMS Law and Iron Maiden knew or should have known these representations were false.

63. AMS Law and Iron Maiden made these representations to induce Viral Style to not defend against the allegations in the Illinois Lawsuit. Upon information and belief, Iron Maiden and AMS Law did the same thing with numerous defendants.[3] AMS Law and Iron Maiden also made these representations to induce PayPal into freezing Viral Style's account and granting Defendants the ability to improperly take funds from Viral Style's account.

64. Viral Style suffered significant injury as a result of AMS Law and Iron Maiden's false representations – including monetary damage and reputational harm.

---

[3] Regarding AMS Law, this is a pattern and practice across multiple similar lawsuits.

## COUNT IV – TORTIOUS INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONSHIP
### (Iron Maiden and AMS Law)

65. Viral Style incorporates the allegations in paragraphs 1 through 40 of the Complaint by reference as if fully set forth herein.

66. This is an action for tortious interference with an advantageous business relationship under Florida common law.

67. Viral Style has a beneficial business relationship with PayPal and its user-sellers that Viral Style reasonably expected to continue and from which Viral Style expected sales and profits.

68. Defendants had actual or constructive knowledge of Viral Style's advantageous business relationship with PayPal and its user-sellers. For example, AMS Law, on behalf of Iron Maiden, sued two of Viral Style's user-sellers in the Illinois Lawsuit. Additionally, Sullivan admitted that she has personally used Viral Style's website, so AMS Law understands the nature of the business relationship between Viral Style and PayPal and its user-sellers.

69. Defendants intentionally and unjustifiably interfered with Viral Style's business relationship with PayPal and its user-sellers through Defendants' improper conduct alleged herein – including, but not limited to, causing the freezing of Viral Style's PayPal account.

70. There was no reasonable or legitimate justification for Defendants' malicious and intentional inference with Viral Style's business relationship with PayPal and its user-sellers. Instead, Defendants' conduct was intended to pressure

and extort a payment from Viral Style, so that Viral Style could resume its business.

71. Viral Style has been damaged by Defendants' intentional and unjustifiable interference with Viral Style's advantageous business relationship with PayPal and its user-sellers.

72. As a direct and proximate result of Defendants' intentional and unjustified interference, Viral Style has suffered and will continue to suffer damages in the form of, among other things, lost sales, lost profits, and loss of good will.

73. Defendants' conduct was intentional and willful, and therefore, entitles Viral Style to an award of punitive damages.

## COUNT V – CIVIL CONSPIRACY
### (AMS Law and Iron Maiden)

74. Viral Style incorporates the allegations in paragraphs 1 through 40 of the Complaint by reference as if fully set forth herein.

75. This is an action for civil conspiracy under Florida common law.

76. Defendants entered into an agreement in which AM Law would represent Iron Maiden in the Illinois Lawsuit to obtain improper judgments and extort settlements from innocent parties.  As part of this unlawful scheme, Defendants have conspired to interfere with Viral Style's business relationship with PayPal and its user-sellers to allow Defendants to extort a settlement from Viral Style.

77. Defendants have taken overt acts in furtherance of the conspiracy by

filing a frivolous and deceptive lawsuit, deceptively procuring the freezing of Viral Style's PayPal account, and misappropriating funds from Viral Style's PayPal account.

78.   Viral Style has been damaged by this unlawful scheme and the acts taken by Defendants in furtherance of this scheme.

## **PRAYER FOR RELIEF**

WHEREFORE, based on the foregoing, Viral Style respectfully requests that this Court enter judgment in its favor and against Defendants for monetary damages, attorneys' fees, costs, and interests.

## **JURY TRIAL**

Viral Style demands a trial by jury on all issues so triable.

Dated: March 24, 2021                    HOLLAND & KNIGHT LLP

*/s/ David J. Lisko*
David J. Lisko, FBN: 92841
david.lisko@hklaw.com
Daniel L. Buchholz, FBN: 1010188
daniel.buchholz@hklaw.com
100 N. Tampa Street, Suite 4100
Tampa FL 33602
813-227-8500
*Attorneys for Plaintiff*
*Viral Style, LLC*

19