UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

CASE NO.: 8:21-CV-00439-SDM-TGW

VIRAL STYLE, LLC,

  Plaintiff,

v.

IRON MAIDEN HOLDINGS LTD.,
and AM SULLIVAN LAW, LLC,

  Defendants.

_____/

**DEFENDANTS' OPPOSED MOTION TO STAY ALL
DISCOVERY PROCEEDINGS PENDING RULING ON
DEFENDANTS' MOTION TO DISMISS [DE 20]**

Pursuant to Fed. R. Civ. P. 26(c) and this Court's broad discretion to stay proceedings, and – as set forth in Defendants' Motion to Dismiss [DE 20] – without waiving Defendants' challenge to subject matter jurisdiction, personal jurisdiction and venue, Defendants Iron Maiden Holdings Ltd., and AM Sullivan Law, LLC, respectfully move this Court to stay all discovery proceedings relative to the instant action pending this Court's ruling on Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, Lack of Subject Matter Jurisdiction (Standing) and for Failure to State a Claim on Which Relief Can be Granted [DE 20] ("Motion").

I.   **Introduction**

As set forth in Defendants' fully-briefed, pending Motion [DE 20], Plaintiff's grievances cannot be redressed by this Court because Plaintiff has not alleged that the final judgment entered by the Illinois District Court was procured by any of the circumstances enumerated in Fed. R. Civ. P. 60(b). [DE 20, p. 25]. Accordingly, Plaintiff lacks standing and, consequently, this Court lacks subject matter jurisdiction over the action.

Furthermore, and as supported by Declarations [DE 20-1]; [DE 20-5], submitted by authorized representatives of each Defendant in support of Defendants' Motion [DE 20], each Defendant lacks the requisite minimum contacts with Florida, and, consequently, this Court does not have personal jurisdiction over either of the Defendants. [DE 20, p. 3]. More specifically, Florida's long-arm statute does not apply to Defendants [DE 20, p.5] and this Court's assertion of personal jurisdiction over the Defendants would violate the U.S. Constitution's due process clause [DE 20, p. 9]. An inquiry into the merits of Defendants' Motion [DE 20] by this Court would confirm that the appropriate court for resolution of Plaintiff's attempted claims is the Northern District of Illinois, where the events at issue occurred, where Defendant AM Sullivan Law, LLC, is domiciled and where the disputed res at issue ($200,000 cash) resides in the registry of the Clerk of Court. The Motion to Dismiss has been set for oral argument on July 27, 2021. [DE 31].

## II. Applicable Law

Fed. R. Civ. P. 26(c) provides that "[a] party . . . from whom discovery is sought may move for a protective order in the court where the action is pending . . . and [t]he court may, for good cause, issue an order to protect a party from . . . oppression [or] undue burden or expense, including [but not limited to] forbidding the . . . discovery." 26(c)(1)(A).

"Motions to stay discovery may be granted pursuant to [Fed. R. Civ. P. 26(c)] and the moving party bears the burden of showing good cause and reasonableness." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). In ruling on a motion to stay discovery, the Court "must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Id*. This requires the Court to "take a preliminary peek at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Feldman*, 176 F.R.D. at 652-53; *see also Schumann v. Collier Anesthesia, P.A.*, No. 2:12-CV-347-FTM-29, 2013 WL 149638, at *1 (M.D. Fla. Jan. 14, 2013). Thus, if there is "a significant possibility" that a Court will grant a Motion to Dismiss, staying discovery is appropriate. *Ave Maria Univ. v. Sebelius*, No. 2:12-CV-88-FTM-99SPC, 2012 WL 13059434, at *2 (M.D. Fla. Nov. 28, 2012) (granting a motion to dismiss after concluding that defendants raised meritorious challenges to subject-matter jurisdiction); *see also Jackson-Bear Grp., Inc. v. Amirjazil*, No. 2:10-CV-332-FTM-29, 2011 WL 720462, at *1 (M.D. Fla. Feb. 22, 2011) (granting a motion to stay discovery because

defendants raised meritorious challenges based on lack of personal jurisdiction). As long as delaying discovery does not cause Plaintiff "any significant harm," then a stay of discovery is appropriate. *Ave Maria Univ.*, 2012 WL 13059434, at *2.

Lastly, this Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Matters pertaining to discovery are committed to the sound discretion of the district court." *Patterson v. United States Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990).

### III. Good cause exists to stay all discovery proceedings until this Court resolves the pending Motion to Dismiss [DE 20].

As noted above and detailed in Defendants' Motion [DE 20], this Court lacks both subject matter jurisdiction over this action and personal jurisdiction over the Defendants. Furthermore, none of Plaintiff's purported causes of action state a claim upon which relief may be granted. If any of these arguments are determined by the Court to be meritorious, Plaintiff's entire case before this Court should be dismissed.

Defendants should not be required to suffer monetary burdens or expenses when it appears that Plaintiff's claims may fail for several reasons as a matter of law. Defendants have, to date, already incurred tens of thousands of dollars in

attorney's fees for an action that is not properly before this Court. Compelling Defendants to continue litigating an action that may ultimately be dismissed would be a continued waste of judicial economy. Indeed, the Eleventh Circuit has previously stated that courts should stay actions when it appears that a dispositive motion may dispose of an entire case and preserve resources for all parties, including the Court:

> If the district court dismisses a non-meritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible. Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997).

Plaintiff will suffer no harm due to a delay in discovery, but even if there were some form of harm, it would be substantially outweighed by the possibility that Defendants' Motion will be granted and entirely eliminate the need for such discovery. Indeed, a stay of discovery will only delay the resolution of this case if Defendants' Motion [DE 20] is denied, but, as discussed herein, there is a significant possibility that Defendants' Motion [DE 20] will be granted. Moreover,

5
**COLE, SCOTT & KISSANE, P.A.**
4301 WEST BOY SCOUT BOULEVARD - SUITE 400 - TAMPA, FLORIDA 33607 - (813) 289-9300 - (813) 286-2900 FAX

this case remains in the early stages of litigation. To date, no depositions have been taken; no experts have been retained; Plaintiff has propounded one set of written discovery to each Defendant which has not been responded to; and completion of discovery, per this Court's Order [DE 27] remains over four months away. Clearly, in light of the minute amount of discovery conducted to date, any harm to Plaintiff, of which there would be none, would, at the most be *de minimis*.

Furthermore, this Court has elected hear oral argument on Defendants' Motion [DE 20] on July 27, 2021, at 10:00 a.m. *See* [DE 31, Notice of Hearing]. The proximity of this event further warrants a stay on all discovery proceedings until at least after such oral argument is performed and this Court has ruled on Defendants' Motion [DE 20].

Staying discovery until the Court resolves the Motion to Dismiss will not cause Plaintiff any significant harm. A stay on all discovery pending ruling on Defendants' Motion is therefore appropriate.

WHEREFORE, Defendants Iron Maiden Holdings Ltd., and AM Sullivan Law, LLC, in light of good cause shown, respectfully move this Court to stay all discovery proceedings relative to the instant action pending this Court's ruling on Defendants' Motion [DE 20] and for any other and further relief this Court deems just and proper.

## LOCAL RULE 3.01(g) CERTIFICATION

I HEREBY CERTIFY that on July 12, 2021, via e-mail, the movant conferred with the non-moving party regarding its position on Defendants' Motion to Stay All Discovery Proceedings Pending Ruling on Defendants' Motion to Dismiss [DE 20], and that the non-moving party opposes the relief sought by Defendants herein.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of July 2021, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

        COLE, SCOTT & KISSANE, P.A.
        Counsel for Defendants
        4301 West Boy Scout Boulevard
        Suite 400
        Tampa, Florida 33607
        Telephone (305) 350-5338
        Facsimile (813) 286-2900
        Primary e-mail: edward.polk@csklegal.com
        Secondary e-mail: michael.arendall@csklegal.com;
        daniel.shapiro@csklegal.com; marc.rapaport@csklegal.com

By:   s/ *Marc A. Rapaport*
        DANIEL A. SHAPIRO
        Florida Bar No.: 965960
        EDWARD S. POLK
        Florida Bar No.: 239860
        D. "MICHAEL" ARENDALL, JR.
        Florida Bar No.: 035268
        MARC A. RAPAPORT
        Florida Bar No.: 1008359