UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VIRAL STYLE, LLC,

    Plaintiff,

v.   CASE NO. 8:21-CV-439-SDM-TGW

IRON MAIDEN HOLDINGS LTD.,
and AM SULLIVAN LAW, LLC,

    Defendants.
_____/

## ORDER

THIS CAUSE came on for consideration upon the Defendants' Opposed Motion to Stay Discovery (Doc. 32). The defendants argue that all discovery deadlines should be stayed, pending the Court's ruling on the Defendants' Motion to Dismiss (id., p. 1). The justification for such a stay is that "defendants should not be required to suffer monetary burdens or expenses when it appears that Plaintiff's claims may fail for several reasons as a matter of law." (id., p. 4). The plaintiff has filed a timely response in opposition to the defendants' motion (Doc. 33).

The defendants' motion fails on its merits. As set forth in the court's Middle District Discovery manual, a movant must satisfy a stringent standard to obtain a stay of discovery.

> Normally, the pendency of a motion to dismiss … will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion. Such motions for stay are rarely granted. However, unusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden.

Middle District Discovery (2015) at ¶ I.E.4.

As noted by the plaintiff in its response, the defendants were to serve its discovery responses to the plaintiff by July 12, 2021, but "[i]nstead of serving [its] responses, however, Defendants filed this Motion to Stay." (Doc. 33, p. 2). In short, "suffer[ing] monetary burdens or expenses" (Doc. 32, p. 4) while Defendants' Motion to Dismiss is pending is insufficient to grant the extraordinary relief of staying discovery. It is, therefore, upon consideration

ORDERED:

That the Defendants' Opposed Motion to Stay Discovery (Doc. 32) is **DENIED**.

DONE and ORDERED at Tampa, Florida, this 15th day of July, 2021.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE